UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,                                  Case No. 17-10998

     Plaintiff                                  George Caram Steeh
v.                                                United States District Judge

M. LENNOX and B. FORD,                            Stephanie Dawkins Davis
                                                  United State Magistrate Judge
    Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION FOR SUMMARY JUDGMENT (Dkt. 23)

## I.    PROCEDURAL HISTORY

     Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed this prisoner civil rights action on March 28, 2017, alleging excessive force against the defendants.  (Dkt. 1).  In lieu of an answer to the complaint, on January 4, 2018, defendants filed a motion for summary judgment based solely on exhaustion of administrative remedies.  (Dkt. 23).  Plaintiff filed his response on February 6, 2018.  (Dkt. 28).  In his response, plaintiff did not contest the grievance records provided by defendants, which indicate that he did not file any Step III grievances.  However, plaintiff did acknowledge that his initial Step I grievance was rejected for being illegible, and indicated that when he sought staff assistance in rewriting his grievance from his Assistant Resident Unit Manager (ARUS) and a psychiatrist, he received no help.  (Dkt. 28, Pg ID 116).

After reviewing the response, defendants moved to stay their motion for summary judgment so that they could take plaintiff's deposition regarding the issue of exhaustion. (Dkt. 29). Defendants pointed out in their motion that plaintiff did not identify the ARUS or psychiatrist by name, but he attested in his affidavit that at the time, he was confined at the Gus Harrison Correctional Facility (ARF) in Housing Unit 4, cell 137. (Dkt. 29, citing Dkt. 28, Pg ID 118 at ¶ 1). Defendants further noted that, according to plaintiff's computerized housing records, the only time he was in Housing Unit 4, cell 137 was from August 16, 2012 until August 17, 2012. (Dkt. 29-2, Ex. A). Notably, plaintiff's complaint does not contain a date of incident for his excessive force claim. (Dkt. 29). The Court granted the motion (Dkt. 34), defendants took plaintiff's deposition, and filed a reply with portions of the transcript attached. (Dkt. 37). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

## II.    FACTUAL BACKGROUND

In his complaint, plaintiff alleges that defendants attacked him with violence and force by throwing him onto the floor. Plaintiff alleges that defendant Lennox punched plaintiff in the face with thick leather gloves, causing plaintiff's right eye to open up and bleed. (Dkt. 1, p. 3). He says Lennox also choked him and Ford

yanked his fingers side to side roughly.  A third person, who does not appear to be

a named defendant, was stomping on plaintiff's right foot and caused injury to his

big toe.  Lennox choked plaintiff until he passed out.  *Id*.  Neither the date nor

location of this incident is included in the complaint.  However, in his deposition,

plaintiff explained that the subject incident happened on May 8, 2010.  (Dkt. 37-2,

Ex. A, p. 7).

Importantly, plaintiff previously filed a complaint in this Court on May 10,

2012, in which he alleged the following:

> I refused my medication and put the medication in my
> hand, Officer Ford grabbed my arm and then grabbed my
> finger and bent it back.  I then pulled away and officer
> Ford came at me and I swung on him to protect myself
> from further pain.  They rushed me and pushed me in my
> room, I fell back and hit my head on the radiator.  Officer
> Ford then jumped between my legs and again grabbed
> my arm and started bending my finger back.  I looked up
> and Officer Lennox was standing in front of me with his
> fist drew up back behind his head and called me a nigger
> and swung on me.  Officer lennox hit me around 15 times
> till he cut my eye, once he seen that he stopped.  Then he
> started choking me until I passed-out.  When I woke-up I
> opened my hand and gave up.  They never Handcuffed
> me or took me into segregation, the nurse came and
> wiped the blood from my face and said I needed stitches
> but a Sgt. Told the nurse no.  I ended up at the hospital,
> they just gave me an eye test and that was all.

*Stringer v. Lennox*, Case No. 12-12124 (E.D. Mich.), Dkt. 1, p. 4.  According to

the grievance documents attached to the 2012 complaint, the incident described

above occurred on May 8, 2010.  Case No. 12-12124, Dkt. 1, p. 5.  However,

plaintiff did not file a grievance about the incident until March, 2012.  *Id*.

In the 2012 case, the defendant filed a motion for summary judgment

alleging that the plaintiff failed to exhaust his administrative remedies.  After

receiving briefing from both parties on the issue, the magistrate judge assigned to

the matter issued a report and recommendation, concluding that the plaintiff had

not exhausted his administrative remedies and the defendant was entitled to

summary judgment on this basis:

> Under the circumstances, the undersigned concludes that
> plaintiff has failed to establish any genuine issue of
> material fact that the rejected grievance was not
> exhausted and defendant is entitled to summary judgment
> on this basis.
>
> * * *
>
> Plaintiff did not comply with the grievance procedure by
> virtue of the uncontested fact that his grievance was filed
> almost two years after the event that he contends was
> grievable.  His grievance was rejected and that rejection
> appears to be entirely appropriate and consistent with the
> MDOC policy and procedures for grievances.

Case No. 12-12124, Dkt. 22, p. 11.  This recommendation was adopted by the

District Court, over plaintiff's objections, and judgment was entered in favor of the

defendant.  Case No. 12-12124, Dkts. 28, 29.   Plaintiff did not appeal this

judgment.

## III.   ANALYSIS AND CONCLUSION

A.   <u>Standard of Review</u>

4

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by: (A) citing to particular parts of materials in the record...; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). That is, the party opposing a motion for summary judgment must make an affirmative showing with

proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'"  *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor.  *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case.  *Id*. at 254. Thus, if the plaintiff must ultimately prove his case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence.  *See id.* at 252-53.  Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary

judgment.  *Celotex*, 477 U.S. at 323.  The Court must construe Rule 56 with due

regard not only for the rights of those "asserting claims and defenses that are

adequately based in fact to have those claims and defenses tried to a jury," but also

for the rights of those "opposing such claims and defenses to demonstrate in the

manner provided by the Rule, prior to trial, that the claims and defenses have no

factual basis."  *Id*. at 327.

> B.   Collateral Estoppel/Issue Preclusion

While defendants point out in their reply that the exhaustion issue was

previously decided by this Court in the 2012 case, they do not specifically argue

that plaintiff's claims are barred by collateral estoppel.  This is likely so, because,

as they acknowledge regarding the statute of limitations, the Court does not

generally decide issues raised for the first time in a reply.[1]  However, under the

---

[1] As explained in *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. U.S., Bethlehem Steel Corp*., 284 F.3d 1261, 1274 (Fed. Cir. 2002)), "[r]aising the issue for the first time in a reply brief does not suffice; reply briefs . . . do not provide the moving party with a new opportunity to present yet another issue for the court's consideration."  Case law suggests that the Court cannot raise the issue of statute of limitations *sua sponte* unless it is evident from the face of the complaint that the claim is so barred.  *Jones v. Kentucky State Police, Post 15*, 2018 WL 4008783, at *3 (W.D. Ky. Aug. 22, 2018) ("Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint.") (citing *Fields v. Campbell*, 39 Fed. Appx. 221, 223 (6th Cir. 2002); (*Haskell v. Washington Twp*., 864 F.2d 1266, 1273 (6th Cir. 1988)). Here, the statute of limitations defense is not evident from the face of plaintiff's complaint.  In the view of the undersigned, should the Court not otherwise adopt this report and recommendation based on collateral estoppel, it should consider taking supplemental briefing from the parties on the statute of limitations defense, given plaintiff's admission at his deposition that the events on which his complaint is based took place in 2010 and any applicable limitations period has long since expired.  *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)

circumstances presented here, as explained below, the Court can consider issue

preclusion *sua sponte* because the 2012 case involved a decision from this Court.

Because the judgment on which the court relies was issued by a federal

court, the court looks to federal law to determine its preclusive effect.  *Hamilton*

*Bogarts*, *Inc v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007).   *Res judicata*

consists of two preclusion concepts: "issue preclusion" and "claim preclusion."

*Annabel v. Michigan Dep't of Corr.*, 2018 WL 3455407, at \*16 (W.D. Mich. July

18, 2018).  The doctrine of claim preclusion provides that, if an action results in a

judgment on the merits, that judgment operates as an absolute bar to any

subsequent action on the same cause between the same parties or their privies, with

respect to every matter that was actually litigated in the first case, as well as every

ground of recovery that might have been presented.  *Black v. Ryder/P.I.E.*

*Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  "Issue preclusion refers to the

effect of a judgment in foreclosing relitigation of a matter that has been litigated

and decided.... This effect also is referred to as direct or collateral estoppel."

*Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1,

(1984) (citation omitted).  While *res judicata* is an affirmative defense, which the

Court generally does not raise *sua sponte*, in special circumstances, a court may

---

(The three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims.").

raise the issue on its own accord.  *Wylie-Brown v.* O'Leary, 2018 WL 3135942

(N.D. Ohio June 27, 2018) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000);

*Pram Nguyen ex rel. United States v. City of Cleveland*, 2017 WL 1345293, at *4

(N.D. Ohio Apr. 12, 2017).  Such a special circumstance occurs when "a court is

on notice that the issue presented has been previously decided."  *Pram Nguyen*,

2017 WL 1345293, at *4 (N.D. Ohio Apr. 12, 2017) (quoting *Arizona*, 530 U.S. at

412); *see also Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212

(6th Cir. 1989) (Sixth Circuit affirmed district court's *sua sponte* application of *res

judicata* and added that "a district court may invoke the doctrine of *res judicata* in

the interests of, *inter alia*, the promotion of judicial economy."); *but see Neff v.

Flagstar Bank, FSB*, 520 Fed. Appx. 323 (6th Cir. 2013) (The district court erred

in *sua sponte* giving preclusive effect to a decision of <u>another</u> court, distinguishing

*Holloway* and *Arizona*.).  Here, the undersigned concludes that the court may *sua

sponte* address issue preclusion because it is on notice of a prior decision of <u>this

court</u>, which, for the reasons discussed below, precludes plaintiff from contesting

his failure to exhaust his administrative remedies as to the claims set forth in the

complaint.  Additionally, addressing issue preclusion now promotes the interests of

judicial economy, as plaintiff's lawsuit should not be permitted to further utilize

the limited resources of this Court.  *See Holloway*, *supra*.

The application of the doctrine of collateral estoppel, also called issue

preclusion, requires the following:

> (1) the precise issue raised in the present case must have
> been raised and actually litigated in the prior proceeding;
> (2) determination of the issue must have been necessary
> to the outcome of the prior proceeding; (3) the prior
> proceeding must have resulted in a final judgment on the
> merits; and (4) the party against whom estoppel is sought
> must have had a full and fair opportunity to litigate the
> issue in the prior proceeding.

*NAACP, Detroit Branch v. Detroit Police Officers Ass'n*, 821 F.2d 328, 330 (6th

Cir. 1987).[2]  The first prong of this test is easily satisfied.  The precise issue

presently before the Court – whether plaintiff exhausted his administrative

remedies in relation to the May 8, 2010 excessive force incident involving

defendants Lennox and Ford – is the very same issue that was before the Court in

the 2012 case.  The date of the excessive force incident in both cases is the same

and plaintiff's description of the incident in both cases is nearly identical.

Moreover, plaintiff admitted in his deposition that he previously filed a lawsuit on

---

[2]  Notably, "[f]or preclusion purposes, it does not matter that the dismissal was 'without prejudice' and not on the merits of the underlying claims [where] the issue that led to dismissal was adjudicated on its merits and was conclusively determined." *Clardy v. Bicigo*, 2012 WL 5986635 (E.D. Mich. Sept. 6, 2012), report and recommendation adopted, 2012 WL 5986630 (E.D. Mich. Nov. 29, 2012) (quoting *Offshore Sportswear, Inc. v. Vuarnet Intern., B.V.*, 114 F.3d 848, 851 (9th Cir. 1997); *see also Link v. Pile Drivers Union Local 34*, 2012 WL 76888, at *1 (9th Cir. 2012) (where Plaintiff had previously litigated the issue of whether he had failed to exhaust his intra-union remedies, Court found that he was barred on collateral estoppel grounds from relitigating that issue, even though the merits of his underlying claims were left undecided.).

the same subject matter, which was dismissed by the Court. (Dkt. 37-2, Ex. A, p. 10). Thus, the first prong of the issue preclusion test is satisfied.

The second prong of the issue preclusion test is also met. The sole basis for the dismissal of plaintiff's 2012 lawsuit was the express finding that plaintiff did not exhaust his administrative remedies as to his excessive force claim because he filed his Step I grievance nearly two years after the incident occurred. In the 2012 case, the court expressly found that plaintiff's grievance was properly rejected under MDOC policy as untimely and that he had failed to exhaust his administrative remedies. Thus, whether plaintiff exhausted his administrative remedies as to the May 8, 2010 excessive force incident was absolutely necessary to the outcome of the 2012 proceedings.

There is also no dispute that the 2012 case resulted in a final judgment. The report and recommendation, which concluded that plaintiff had failed to exhaust his administrative remedies, was adopted by the District Court and a judgment was entered in the defendant's favor. Case No. 12-12124, Dkts. 22, 28, 29. There is no suggestion that plaintiff appealed the 2012 case on the Court's docket, or that the judgment is not otherwise final.

As to the fourth prong of the issue preclusion test, the undersigned also finds that plaintiff had a full and fair opportunity to litigate the exhaustion issue in the 2012 case. In the 2012 case, the defendant filed a motion for summary judgment,

plaintiff filed a response, in which he argued that he tried to file a grievance, but it was returned to him as illegible and clarification was sought.  He further alleged that he sought assistance from staff to help him re-write the grievance, but no one helped him.  He also argued that he filed the grievance to the best of his mental capacity.  Case No. 12-12124, Dkt. 16.  Plaintiff filed an affidavit in support of his response.  *Id*.  Additionally, plaintiff filed two sets of objections to the magistrate judge's report and recommendation, raising several points of error.  Case No. 12-12124, Dkts. 25, 26.  Under these circumstances, the undersigned concludes that plaintiff had a full and fair opportunity to litigate the exhaustion issue in the 2012 case.

Some cases note a fifth prong to the collateral estoppel test.  For example, in *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005), the court also stated that "the party to be estopped was a party to the prior litigation (or in privity with such a party)."  Here, there is no dispute that the plaintiff in this case, who is the party to be estopped, is the same plaintiff who brought the 2012 action.  Plaintiff admitted such in his deposition and this issue is not otherwise in dispute.  The undersigned notes that Lennox is the only defendant listed on the caption in the 2012 action, even though Ford is also mentioned in the body of the complaint.  Here, both Ford and Lennox are listed on the caption and both, along with a third person, are identified in the body of the complaint.  Unlike with claim preclusion, the only

privity required for issue preclusion is as to the party to be estopped.  Here, that is

plaintiff.  Thus, the possible difference in defendants between the two cases

appears to be immaterial.

Notably, the doctrine of collateral estoppel or issue preclusion has been

applied by courts in the context of a prisoner's failure to exhaust administrative

remedies.  For example, the Eleventh Circuit, in *Hamze v. Cummings*, 652 Fed.

Appx. 876, 879 (11th Cir. 2016), affirmed the district court's determination that

collateral estoppel barred relitigation of an inmate's civil rights claims that were

dismissed without prejudice in a previous case for failure to exhaust administrative

remedies.  The *Hamze* court observed that "changes in facts essential to a judgment

will render collateral estoppel inapplicable in a subsequent action raising the same

issues."  *Id*. at 879 (quoting *Montana v. United States*, 440 U.S. 147, 159, 162

(1979).  But in *Hamze*, application of collateral estoppel was not precluded

because the plaintiff did not explain how his request to file a belated grievance

amounted to an exhaustion of his administrative remedies.  *Id*.  Indeed, other courts

have observed that the application of collateral estoppel to a prior finding of failure

to exhaust administrative remedies was appropriate where the plaintiff "has not

provided any arguments or evidence that, after the rendering of that decision and

prior to filing this case, he cured the problem by exhausting his administrative

remedies."  *King v. Outlaw*, 2012 WL 1415465, *3 (E.D. Ark. Apr. 4, 2012); *see*

*also Mann v. Hart*, 2010 WL 3717326 (M.D. Ga. Aug. 12, 2010) (Collateral

estoppel applied to prior finding of failure to exhaust administrative remedies

where the "[p]laintiff does not allege that he has taken any additional steps to

exhaust his excessive force claims since the dismissal of his prior lawsuit, he

simply seeks to buttress his previously advanced argument that the steps already

taken exhaust his claims."); *Jackson v. Murphy*, 468 Fed. Appx. 616 (7th Cir.

2012) (Collateral estoppel barred prisoner from relitigating whether he had

exhausted his administrative remedies); *Velasquez v. Graham*, 2018 WL 3639850,

*5 (N.D. Fla. June 13, 2018) (The issue of exhaustion was necessary to the court's

prior judgment and thus, the court could apply collateral estoppel to again conclude

that the plaintiff failed to exhaust his administrative remedies.).

Here, plaintiff offers no additional evidence or different arguments regarding

his claims that he either did exhaust his administrative remedies or was prevented

from doing so.  In the 2012 case, plaintiff argued that his grievance was rejected

for vagueness based on his poor handwriting, that he requested help to complete

the grievance based on his mental illness and it was not provided, and that he

appealed the grievance through Step III.  In this case, plaintiff makes virtually the

same arguments:  his handwriting was deemed illegible and his grievance was

returned to him for clarification; he asked for help and it was denied.  (Dkt. 28).

Plaintiff has not offered any argument or evidence suggesting that he has now

exhausted his administrative remedies or that he cured the prior problem on which the dismissal for failure to exhaust was based. Rather, like the plaintiff in *Mann v. Hart*, plaintiff "simply seeks to buttress his previously advanced argument that the steps already taken exhaust his claims." Thus, the undersigned finds no basis to conclude that collateral estoppel should not bar plaintiff from relitigating the prior finding that he failed to exhaust his administrative remedies as to his excessive force claim arising from the events of May 8, 2010.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," □ etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 27, 2018                    s/Stephanie Dawkins Davis
                                         Stephanie Dawkins Davis
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by U.S. Postal Service to the following non-ECF participant: Dwayne Stringer #199442, Gus Harrison Correctional Facility, 2727 E. Beecher Street, Adrian, MI 49221.

                                         s/Tammy Hallwood
                                         Case Manager
                                         (810) 341-7887
                                         tammy_hallwood@mied.uscourts.gov